NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012[*]
Decided February 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3140

| | |
|---|---|
| SHERMAN C. IMLER III and LISA R. IMLER, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 11-cv-2117 |
| MARSHA L. COMBS-SKINNER, *Defendant-Appellee*. | Michael P. McCuskey, *Chief Judge.* |

**O R D E R**

Sherman and Lisa Imler challenge the denial of their motion to reopen bankruptcy proceedings. The district court upheld the denial. Because the bankruptcy court properly evaluated the factors outlined in *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010), we affirm.

The Imlers petitioned for relief under Chapter 13 of the Bankruptcy Code in 2002. The next year they were awarded nearly $140,000 in insurance proceeds from an insurance

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

dispute in federal court. *See Cent. Mut. Ins. Co. v. Imler*, No. 2:01-cv-02013, ECF 29 (C.D. Ill. July 30, 2003). The insurance company issued two checks, which both listed as payees the Imlers and the attorneys who represented them in the insurance proceedings. They did not appeal that judgment but nonetheless refused to sign the checks, insisting that the insurance proceeds were too low and the attorneys' fees too high. Their attorneys eventually applied for compensation in the bankruptcy court, and during a hearing on those applications the court ordered the Imlers to sign over the two checks to their attorneys, and they did.

More than a year later, the attorney who represented the Imlers in the bankruptcy proceedings asked the bankruptcy court to award him fees beyond those he had already received. The Imlers objected to his request as excessive and tried to file a "counterclaim" against him for "professional malpractice, negligence, breach of fiduciary duties and fraud." The court found the attorney's request for fees insufficiently supported and denied it, noting that the Imlers' counterclaim for malpractice would be better raised in state court.

The following month the Imlers sued their insurance company (and others—but none of their attorneys) in an Illinois court for fraud and negligence in dealing with their insurance claim. The state court ruled against them, reasoning that they were trying to undermine the federal insurance judgment; the Imlers took consecutive appeals all the way to the Supreme Court, which denied their petition for certiorari. *See Imler v. Cent. Mut. Ins. Co.*, 553 U.S. 1069 (2008).

The bankruptcy court, meanwhile, granted the Imlers a general discharge and in early 2006 closed the bankruptcy case. In 2010, however, the Imlers moved in bankruptcy court to reopen proceedings, seeking the return of fees paid to all their attorneys whose alleged misconduct allowed the insurance company to sabotage their insurance claim. The Imlers argued that this misconduct was somehow evident from "newly discovered" evidence, such as documents showing that Sherman Imler had been disabled since 2002.

The bankruptcy court denied the Imlers' motion, explaining that they waited too long—nearly five years—before moving to reopen and raised arguments that had or could have been litigated either in earlier bankruptcy proceedings or in state court. The court observed that the Imlers apparently wanted to "undo" the judgment in their insurance case but that reopening the bankruptcy case was not the right avenue for that relief. The district court upheld this ruling, concluding that the bankruptcy court did not abuse its discretion because the Imlers provided "absolutely no basis for reopening bankruptcy proceedings."

In this court, the Imlers rehash their challenge to the denial of their motion to reopen bankruptcy proceedings, faulting the bankruptcy court for failing to adequately monitor

their attorney in the bankruptcy proceedings and for forcing them to sign the insurance checks that went toward paying their attorneys in the federal insurance suit.

The Imlers' arguments are unpersuasive. We review the bankruptcy court's decision for an abuse of discretion, recognizing that bankruptcy courts "may consider a number of nonexclusive factors in determining whether to reopen, including (1) the length of time that the case has been closed; (2) whether the debtor would be entitled to relief if the case were reopened; and (3) the availability of nonbankruptcy courts, such as state courts, to entertain the claims." *Redmond*, 624 F.3d at 798. The court here reasonably concluded that all of these factors weigh against reopening the Imlers' bankruptcy proceedings. First, the Imlers delayed their motion for nearly five years, and we have upheld even a two-year delay under similar circumstances as a sufficient basis to deny reopening. *See id.* at 799; *In re Bianucci*, 4 F.3d 526, 528–29 (7th Cir. 1993). Second, to the extent the Imlers seek to undermine the insurance judgment, the court correctly noted that the judgment is final, and thus the Imlers are barred from religitating the issue in bankruptcy court. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Coleman v. Donahoe*, No. 10-3694, 2012 WL 32062, at *13 (7th Cir. Jan 6, 2012).

AFFIRMED.